IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-220-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN JAVIER SPEARMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On October 26, 2012, pursuant to a written plea agreement, John Javier Spearman ("Spearman") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base crack (count one), robbery of money of the United States (count eight), and using and carrying a firearm during and in relation to a crime of violence (count nine). See [D.E. 82, 83]. On March 21, 2013, the court held Spearman's sentencing hearing. See [D.E. 110, 111]. At the hearing, the court adopted the facts set forth in the Amended Presentence Investigation Report ("PSR") [D.E. 109]. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Spearman's total offense level to be 26, his criminal history category to be V, and his advisory guideline range on counts one and eight to be 110 to 137 months' imprisonment and on count nine to be 84 months' consecutive imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Spearman to 66 months' imprisonment on counts one and eight and 84 months' consecutive imprisonment on count nine. See id.; [D.E. 111]. Spearman did not appeal.

On November 5, 2015, Spearman moved for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 170]. Spearman's new advisory guideline range on counts one and eight is 92 to 115 months' imprisonment, based on a total offense level of 24 and a criminal history category of V. See Resentencing Report. Spearman requests a 60-month sentence on counts one and eight. See id.; [D.E. 170] 2, 4.

The court has discretion under Amendment 782 to reduce Spearman's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Spearman's sentence, the court finds that Spearman engaged in serious criminal behavior involving illegal narcotics and firearms. See Am. PSR [D.E. 109] ¶¶ 22–26. Moreover, Spearman is a recidivist and has convictions for selling cocaine, possession with intent to sell and deliver cocaine, and break or enter a motor vehicle. See id. ¶¶ 28–37. Spearman also has performed poorly on supervision and has never been employed. See id. ¶¶ 28–32, 35–36, 48. Spearman has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for phone abuse/disrupting monitoring. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Spearman received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

§ 3553(a). Further reducing Spearman's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Spearman's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Spearman's motion for reduction of sentence [D.E. 170].

SO ORDERED. This 20 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge